WARNER, J.
In his appeal from his conviction for first degree felony murder, appellant contends that the trial court erred in permitting the state to delete portions of his taped statement to police that was played for the jury. The portions deleted concerned his co-defendant’s possible drug use. He argued that they should be admitted under the rule of completeness. Because the statements were not required to correct misleading impressions, the trial court did not abuse its discretion by overruling defendant’s objection to the state’s deletion of portions of his statement. We therefore affirm.
The prosecution of appellant Dessett arises out of the shooting death of Nadir Basheeri at a convenience store in Riviera Beach. A witness identified Dessett running from the store with another man on the day of the murder. Police were called to the scene and discovered Mr. Basheeri’s body in the convenience store with a bullet in his head. As a result of this incident, Dessett and his cousin, Demario Crosby, were charged with one count of first degree murder with a firearm and one count of robbery with a firearm. It is undisputed that Crosby fired the gun and killed Basheeri. The state prosecuted Dessett *48 on a theory of felony murder, claiming Dessett was involved in the robbery of the convenience store. The primary incriminating evidence against Dessett consisted of his confession to police.
In his statement, Dessett admitted joining up with his cousin the day of the murder. Dessett told the detective that he did not know that his cousin had a gun in his possession that day. The two of them met outside the convenience store and were kidding around. The detective asked him: “Do you feel responsible for putting the idea in Mario’s head that (inaudible) could done it by himself?” Dessett replied: “We joke around like that all the time, man.”
Crosby went inside the store. Dessett looked in and saw the clerk “choking him or something.” Dessett then went inside, and the man was on the ground. Dessett stated that “the guy was already gone,” but he did not hear a gunshot. Dessett said to Crosby, “Cuz, why you did that, man?” and also said, “You could have just took the money.” Dessett then threw the cash register on the ground and took some money from it. He shared the money with his cousin when they got home. Again, he told Crosby, “you didn’t even have to do all that.”
For presentation at trial the state deleted part of Dessett’s statement, to which Dessett objected. Specifically, in his statement, Dessett speculated that Crosby was on drugs the day of the murder even though Dessett did not see Crosby ingest any. Dessett acknowledged that he did not know if Crosby ingested any drugs on the day of the robbery, but told the detective that Crosby frequently smoked cocaine and that they had separated for part of the day. Another line of questioning deleted by the state included the detective questioning Dessett on how they spent the money taken from the store, and Dessett responding that they spent the money “on drugs.” Dessett also objected to the deletion of his statement that “[Crosby] must have been on drugs and just snapped.”
Based upon the evidence presented, Dessett was convicted of first degree felony murder and robbery. The court sentenced him to life in prison without parole on the murder conviction, and life on the robbery charge as a prison releasee reof-fender. Dessett appeals his conviction.
Dessett claims that the trial court erred in overruling his objection to the state’s deletion of parts of his statement, citing to the necessity of their inclusion because of the “rule of completeness.” The rule of completeness is codified in section 90.108(1), Florida Statutes, which provides in pertinent part:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.
The purpose of the rule is to avoid the potential for creating misleading impressions by taking statements out of context. Larzelere v. State, 676 So.2d 394, 401 (Fla. 1996). Under this rule, once a party “opens the door” by introducing part of a statement, the opposing party is entitled to contemporaneously bring out the remainder of the statement in the interest of fairness. Id. at 401-02. However, the rule of completeness is not absolute, and a trial court may exercise its discretion to exclude irrelevant portions of a recorded statement. Layman v. State, 728 So.2d 814, 816 (Fla. 5th DCA 1999).
In this case, there was no violation of the rule of completeness, because the trial court merely excluded irrelevant portions of Dessett’s statement. The state’s edited *49 version of the tape did not create misleading impressions or take statements out of context. Additionally, the state’s edited version did not exclude exculpatory statements. In fact, part of what the state excluded was Dessett’s admission that he used the robbery money to buy drugs, a collateral bad act.
Dessett defended against the charges by claiming that the murder constituted an independent act by Crosby, completely unexpected by Dessett. Those parts of the statement which supported that theory were played,' such as Dessett asking Crosby, “Cuz, why you did that, man?” and “You could have just took the money.” Those statements suggest that Dessett had no knowledge of Crosby’s actions. The jury thus had evidence "to support his theory of defense.
Dessett also argues that he was prevented from arguing that the incident was not a robbery but a drug deal between the victim and Crosby which went wrong. This theory developed from the discovery of drug paraphernalia behind the counter of the convenience store. Dessett desired to use Crosby’s drug habit as further evidence from which to speculate that Crosby was actually buying drugs from the victim. However, admitting the portions of his statement discussing Crosby’s drug use for this purpose is not required under the rule of completeness, because Dessett never suggested anywhere in his statement the possibility that Crosby was conducting a drug deal. The state did not render the statement misleading by omitting the discussion of Crosby’s drug use. And the state is not required to present evidence on the defendant’s theories in its case-in-chief.
Finding that the trial court did not abuse its discretion in overruling the objection to the omission of parts of Dessett’s statement, we affirm the conviction and sentence.
STEVENSON, C.J., and TAYLOR, J., concur.